Brinkerhoff, J.
It is alleged that the court below erred in sustaining the demurrer of the defendant to the plaintiff’s two replications to the second special plea. The substance of that plea is, that after the debt for which the plaintiff sues was contracted, and before the seizure of the boat under pro *224 cess in this case, she was, for another debt, duly seized and sold to a third party, to wit, one Stephen Clement, under a proceeding in admiralty in the district court of the United States for the district of Illinois.
To this the plaintiff replies:
1st. That after the seizure of said defendant by said marshal under said process, the marshal, on the 17th day of May, A. D. 1850, received and accepted a certain bond, given by E. 33. & S. Ward, as principals, and Hiram Wheeler and Stephen Clement as sureties, approved in due form by the collector of the port of Chicago, and given in all respects as required by “ an act for the reduction of the costs and expenses of proceedings in admiralty against ships and vessels, approved March 3d, 1847,” and that said marshal having received and accepted said bond, duly returned the same into court, and released and delivered up said defendant, her anchoi’s, etc.
And the demurrer raises the question, whether the taking of the bond mentioned in this replication had the effect to convert all subsequent proceedings in the district court of the United States, from proceedings in rem to proceedings in personam only, and absolutely to discharge the boat from the jurisdiction of that court, so as to render its subsequent judgment against, and sale of the boat, coram non judice and void? To determine this question, we must look to the provisions of the statute under which the bond was given, which is the act of congress of the 3d of March, 1847, “ for the reduction of costs and expenses,” etc., and provides, “ that in any case brought in the courts of the United States exercising jurisdiction in admiralty, where a warrant of arrest or other process in rem shall be issued, it shall be the duty of the marshal to stay the execution of such process, or to discharge the property arrested, if the same has been levied on, on receiving from the claimant of the same a bond or stipulation in double the amount claimed by the libellant, with sufficient surety to be approved by the judge of the said court, or in his ab *225 senee, by the collector of the port, conditioned to abide by and answer the decree of the court in such cause: and such bond or stipulation shall be returned to the said court, and judgment on the same, both against the principal and sureties, may be recovered at the time of rendering the decree in the original cause.” Bright. Dig. 26.
In looking at the terms of this act, it is apparent that the object of its framers was to mitigate the injurious consequences which would naturally ensue to the owner or other rightful claimant of a vessel, from her arrest and detention, in the delay of his business, and in the interruption or breaking up of his voyage, by enabling him promptly to procure her discharge from detention pending “ the law’s delay.” But we can perceive in the terms of the act no intimation of an intention to divest the court ordeiing the arrest, of all jurisdiction over the vessel, and to revolutionize the whole proceeding, so that what had before been a proceeding in rem exclusively, should thenceforward be a proceeding only in personam. Indeed, the contrary intent is plainly apparent on the face of the statute. The act provides, that judgment on the bond, “ against principal and sureties, may be recovered at the time of rendering the decree in the original cause.” Here there is to be not only a judgment on the bond, but also “ a decree in the original cause.” What original cause ? If all jurisdiction over the vessel seized, ceases with the giving of the bond — if no proceeding in rem thereafter exists, then there is no original cause; there is nothing left but the new and supplemental cause on the bond and against the “ principal and sureties,” who are parties to it. But there was an original cause, which was a proceeding in rem against the vessel or boat by name, and this clause of the act is without meaning, unless the vessel or boat remains, constructively at least, subject to the jurisdiction of the court, so that a decree may be rendered against her by name, and that decree be enforced against her by sale, provided, that constructive jurisdiction can, under the *226 of the court, be rendered an- actual one, and such sale can be made without infringing the rights of intervening parties. What would be the legal consequence of a seizure of the same vessel by other parties, on other claims, and under other process, after her discharge under this act, we are not now called on to determine. Eor, in this case, she was, it would seem, voluntarily replaced within the actual control of the district court of the United States, in submission to its process, and was actually sold under such process long before any proceedings were instituted against her in the case at bar.
We think there was no error in the court below sustaining the demurrer to the first replication to the second special plea.
2. The second replication avers in substance that the decree of the court of admiralty was obtained by fraud and collusion between E. B. & S. Ward, then and theretofore the owners of said defendant, and one Stephen Clement, and that said sale of the defendant under said decree was made by fraud and collusion between said parties, for the purpose of cutting off the claims of other creditors of said boat, and that, in the purchase of said defendant, Stephen Clement acted only as agent of E. B. & S. Ward, and purchased for them, and at their request, the said E. B. & S. Ward then and theretofore being, and that they still are, the owners of said defendant.
The demurrer admits the truth of the facts stated in this replication, and so we are to consider them. What is the legal effect of the facts here stated ?
The plaintiff, in the proceeding in the district court of the United States, is not alleged to have been a party to any fraud; nor'is it sought here in any way to affect his rights. He is safe in the possession of so much of the proceeds of the sale of the boat as was necessary to discharge his demand against her.
If Clement had been a bona fide purchaser of the boat on his own account, he would, no doubt, have taken her *227 free of all other claims. Ordinarily, to proceedings in rem in admiralty, all the world are deemed parties, and a sale of a vessel in such proceedings, conveys a perfect title to the purchaser. The Mary, 9 Cranch 144. This is the rule ; but its extent is to be determined by the reason and policy on which it rests. Idem. The reason and policy of the rule is, to secure, so far as may be, sales at fair prices by the protection of bona fide purchasers. To secure these ends, all the world are, in contemplation of law, deemed parties to a proceeding in rem in admiralty. But all the world are not in fact parties; and the rule seems to be but a legal fiction, which, like other legal fictions, will be applied for the advancement of justice, but never for its subversion. Wood v. Lessee of Ferguson, 7 Ohio St. Rep. 291. Tke plaintiff in this case was no party, in fact, to the proceeding in the district court of the United States. He received no portion of the proceeds of the sale there. ‘Whatever was left of those proceeds, if any, after discharging the decree and costs in favor of the plaintiff in that proceeding, was retained by the owners. In short, the real substance and effect of that proceeding were, that the owners of the boat, through the forms of law, paid off the claim against her in favor of the plaintiff in that proceeding, and left the title to the boat in statu quo; and this, collusively and fraudulently, for the purpose of cutting off' other claims against their boat. Whether the plaintiff can make good the averments of his replication in proof, may be a matter for trial hereafter. But, taking those averments as true, we think the boat ought to be held to stand the same as if it had voluntarily paid off the claim against it in the district court of Illinois; and that its owners can gain nothing, and ought to gain nothing, by their indirection.
The principle involved in this case seems to us to have much resemblance to that established in Douglass v. Dangerfield, 10 Ohio Rep. 158, where it was held, that one in the possession of lands, claiming title, and in whose name *228 it is listed for taxation, can acquire no additional interest by suffering tbe lands to be sold for taxes and purchasing the same himself.
It is not necessary for us to hold that in no case will a purchase of his vessel at judicial sale by the owner, cut off other existing claims against the vessel; nor to decide what would be the effect of a sale by the owner, after such purchase, to other bona fide purchasers, prior to a subsequent seizure. But, it seems to us, that to hold that an owner may fraudulently and collusively procure or permit his boat to be sold under the forms of law, and himself become her purchaser, for the purpose of cutting off just claims against her, would be to permit the law to be defrauded through the medium of its own forms; and would open a way for resort to dishonest expedients, which it was a leading object of our watercraft law to prevent.
We are of opinion, therefore, that the court below erred in sustaining the demurrer to the second replication to the second special plea; for which cause the judgment of the district court ought to be reversed.
Judgment reversed, and cause remanded for further proceedings.
Bartley, C. J., and Swan, Scott and Sutliee, JJ., concurred.